## POST *et al. v.* BERNHEIMER.

*(Supreme Court, General Term, First Department.* May 18, 1888.)

SPECIFIC PERFORMANCE—SUFFICIENCY OF TITLE—EVIDENCE.

In an action for the specific performance of a contract of purchase for the real estate, it appeared that the premises in controversy were incumbered by a condition in a deed made by one of plaintiff's grantors that the land should not be, at any time thereafter, used as a tavern or public-house of any kind. Plaintiff claimed that the condition had been released, and it appeared that in certain partition proceedings, in which the premises were set off to plaintiff, a release of the condition had been introduced and proved before the master in chancery, but that since that time it had been lost, and the master had died; but a solicitor, who seemed to be the only person with positive knowledge of the existence of the release, offered to make affidavit thereof, and deliver it to defendant. *Held,* that though a purchaser will not be compelled to accept a title which may expose him to litigation, even though the court may believe it to be good, yet as there was no evidence that the release was destroyed, thus making it probable that it would be thereafter found, its existence was so clearly shown that defendant was not justified in refusing to complete the purchase.

Appeal from special term.

Appeal by defendant, Adolph Bernheimer, from a judgment recovered on trial at the special term. The facts in the case, as stated on a former hearing in this court, reported in 31 Hun, 247, are as follows: "The action was brought for the specific performance of a contract for the sale of real estate. The property in controversy consisted of six lots situated near the Riverside park, on Riverside and Claremont avenues, in the city of New York. Five of them were purchased by the defendant himself, at an auction sale of this and other property, for the price of $50,000, and the right of the defendant to the other was derived by assignment from the person to whom it was struck off at the auction sale. By the terms of the sale, 10 per cent. of the purchase price was made payable at the time of the sale, and that amount was accordingly paid on the six lots. The 15th of May, 1873, at 11 o'clock A. M., at the office of Messrs. Evarts, Southmayd & Choate, No. 52 Wall street, were designated as the time and place where the balance of the purchase money was to be paid and the deed would be ready for delivery. The parties met at that time and place to complete the business by the delivery of the deed, and the payment of the residue of the purchase money. Objections were then taken to the statement of the boundaries in the deed, and the completion of the business was adjourned for one week, to afford the grantors an opportunity for correcting the descriptions. At the expiration of that time the parties again met at the same place. The deed had then been corrected, but the defendant declined to receive it without the production of a release discharging

the condition reserved in a deed of twenty-one acres of land, including the lots in controversy, made on the 29th of May, 1811, by Michael Hogan and others to Jacob Mark, under and through which the plaintiffs had derived their title. It was asserted on behalf of the plaintiffs that this condition had been released by the grantors in this deed; and it appeared by proceedings in partition between the heirs of Joel Post, in which the property in controversy had been set off to the plaintiffs, that a release of the condition had been produced and proved before the master in chancery to whom the subject-matter of the action in partition had been referred. These proceedings were completed in the spring of the year 1846, and it was made to appear upon the trial of this action that between that time and the time of the sale in controversy the release itself had been lost or mislaid, and could not, therefore, be produced, as it was required to be by the defendant, to support the plaintiffs' title. The master before whom the proofs were taken in the partition suit was deceased, and a solicitor in the proceedings seemed to be the only person having positive knowledge of the existence of the release. He proposed to make an affidavit of the fact, and to deliver it to the defendant as evidence of the existence of the release; but defendant refused to accept it, and insisted upon the production of the release itself; and because of the inability of the plaintiffs to produce the instrument, which at that time had not been recorded, the defendant, after tendering his check for the balance of the purchase price, refused to accept the deed prepared and offered to him for the conveyance of the property. This refusal was based upon the fact that, by the terms and agreement of sale, an indisputable title was to be given by the vendors by a full covenant warranty deed, free and clear of all incumbrances, excepting the ordinary restraints to prevent nuisances and the carrying on of offensive trades and business upon the property. Several interviews afterwards took place between the defendant's counsel and the counsel acting for the plaintiffs, concerning the title to the property; and, to remove the objection made by the defendant, the opinions of Mr. Evarts and of Mr. Charles O'Connor were taken as to the validity of the objection urged on behalf of the defendant. That of the former gentleman was adverse to the objection, while that of Mr. O'Connor was to the effect that it had been well taken. The defendant has, accordingly, never receded from the position taken by him, and this action was afterwards brought specifically to enforce the performance of the contract."

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*James C. Carter*, for appellant. *William M. Evarts*, for respondents.

DANIELS, J. The judgment from which the appeal has been taken, was recovered upon a trial following the reversal of a preceding judgment in favor of the defendant. The trial appears to have taken place in conformity to the directions contained in the decision for that purpose made by this general term. The case as it was then disposed of is reported in 31 Hun, 247. Some additional proof was given upon the last trial, but not distinguishing the case, as to the legal rules applicable to it, from its condition when it was presented to the general term upon which the last decision was made. The appeal, therefore, presents no point for the examination and decision of the court beyond the fact that it has been tried and disposed of according to its preceding direction. All that becomes necessary, therefore, is to affirm the judgment, in order that the case may be placed in a condition to be appealed to the court of appeals, to which it is designed to take it. The judgment, therefore, should be affirmed with costs to the respondent.

VAN BRUNT, P. J., and BRADY, J., concur.